# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
HARRIS EMANUEL FORD,          )
                              )
              Plaintiff,      )
                              )
         v.                   )       1:19cv444
                              )
ERIK A. HOOKS, et al.,        )
                              )
              Defendants.     )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on "Plaintiff's Motion for Leave to File Under Seal Portions of His Written Objections to the United States Magistrate Judge's Memorandum Opinion and Recommendation and Exhibits Attached Thereto" (Docket Entry 68) (the "Sealing Motion"). For the reasons that follow, the Court will grant the Sealing Motion in part.

## BACKGROUND

Upon referral (see Docket Entry dated Sept. 10, 2020), the undersigned United States Magistrate Judge entered a memorandum opinion and recommendation (the "Recommendation") concerning three motions for summary judgment (Docket Entries 23, 28, 36) (the "Summary Judgment Motions") and three motions to seal (Docket Entries 46, 50, 55) (the "New Sealing Motions"). (Docket Entry 61 at 1.) The undersigned recommended that the Court grant summary judgment for Defendants as to all individual-capacity claims and deny summary judgment for Plaintiff. (Id. at 60.) As concerns the

New Sealing Motions, the undersigned observed that (i) Defendant Hooks, Defendant Lassiter, Defendant Poole, Defendant Locklear, Defendant Henderson, Defendant Gerald, and Defendant Ingram (collectively, the "DPS Defendants") had failed to file a supporting brief as required by this Court's Local Rules, and (ii) the New Sealing Motions concerned material that "play[ed] a critical role" in the Recommendation's analysis of the Summary Judgment Motions. (Id. at 58.) However, prior to the Recommendation, the Court (per United States District Judge Loretta C. Biggs) had issued an Order (Docket Entry 43) (the "Sealing Order") allowing such material to remain under seal. (See id. at 56-58 (discussing earlier motions to seal and the Sealing Order).) For those reasons, the undersigned redacted one version of the Recommendation for the public docket (Docket Entry 61), consistent with the Sealing Order, and filed an unredacted version under seal (Docket Entry 63). The undersigned recommended that the Court "authorize public docketing of the unredacted . . . Recommendation" and deny the New Sealing Motions "without prejudice to the filing of a new sealing motion after the Court has determined what disclosures must occur in connection with the resolution of the [S]ummary [J]udgment [M]otions." (Docket Entry 61 at 60 (all-caps font and emphasis omitted).)

Plaintiff "object[ed] to the Recommendation insofar as it recommend[ed] that the Court grant [Defendants summary judgment on

the individual-capacity claims]." (Docket Entry 66 at 6.)  As an exhibit in support of his objections (the "Objections"), Plaintiff also filed excerpts from the transcript of the deposition of Defendant Karen Henderson (the "Henderson Deposition").  (See Docket Entry 67-2.)  However, the Objections did not address the Recommendation's contemplated disclosure of material that, to that point, had been sealed pursuant to the Order.  (See Docket Entry 66 at 5–23.)  No Defendant objected to any part of the Recommendation. (See Docket Entries dated Nov. 18, 2020, to present.)

Plaintiff filed the Sealing Motion at the same time as the Objections.  The Sealing Motion explains that, in connection with the briefing on the Summary Judgment Motions, Plaintiff tendered many exhibits that Defendants had designated confidential.  (See Docket Entry 68, ¶ 1 (citing Protective Order (Docket Entry 13)).) Consistent with their assertion of confidentiality, Defendants requested that Plaintiff (i) redact portions of the Objections that quote from or paraphrase such exhibits and (ii) file any such exhibits in redacted form.  (Id., ¶ 2.)  In compliance with that request, Plaintiff filed redacted versions of the Objections and the Henderson Deposition (as well as sealed, unredacted versions of those documents).  (See Docket Entries 66 (redacted), 67-2 (redacted), 69 (sealed), 70-1 (sealed).)  Pursuant to this Court's Local Rule 5.4, DPS Defendants, as the parties claiming

-3-

confidentiality, filed a memorandum in support of the Sealing Motion. (See Docket Entry 72 ("the Memorandum").)

The Court (per Judge Biggs) thereafter adopted the Recommendation, resolving the Summary Judgment Motions such that only Plaintiff's official-capacity claims against two DPS Defendants remained for trial. (See Docket Entry 75 at 2.) Judge Biggs further directed the Clerk to unseal the unredacted Recommendation (Docket Entry 63). (Docket Entry 75 at 2.) As concerns the New Sealing Motions, Judge Biggs denied them "as moot in part, with respect to the information necessarily disclosed in the [newly unsealed] unredacted [R]ecommendation," and denied the remainder "without prejudice to Defendants' right to file a motion (and a supporting brief)" requesting a seal as to any other material. (Id. at 2–3.) Defendants have filed no such motion. (See Docket Entries dated Jan. 5, 2021, to present.)

## DISCUSSION

**I. Relevant Standards**

Under Federal Rule of Civil Procedure 26 ("Rule 26"), "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26 provides for "[l]iberal discovery . . . for the sole purpose of assisting in the

-4-

preparation and trial, or the settlement, of litigated disputes." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). The liberal scope of discovery necessitates that the Court "have the authority to issue protective orders conferred by Rule 26(c)." Id. Such an order may "limit[] the scope of disclosure or discovery" or require the sealing of certain materials. Fed. R. Civ. P. 26(c).

"However, the authority granted to a court under Rule 26(c) to require special handling of information gathered during discovery is constrained by the public's right of access to judicial records." Kinetic Concepts, Inc. v. Convatec Inc., No. 1:08CV918, 2010 WL 1418312, at *7 (M.D.N.C. Apr. 2, 2010) (unpublished).[1] "[T]wo independent sources" provide the public with such a right: "the common law and the First Amendment." Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). "[Whereas] the common[-]law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)); see also United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003)

---

[1] "This constraint arises because '[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern.'" Kinetic Concepts, Inc., 2010 WL 1418312, at *7 (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)).

-5-

("Some . . . documents fall within the common[-]law presumption of access, while others are subject to the greater right of access provided by the First Amendment."). In particular, the more demanding first-amendment standard applies to exhibits submitted with dispositive motions. See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 252–53 (4th Cir. 1988) ("Once [] documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery . . . . We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." (internal quotation marks and citations omitted)).

When a party proposes to seal judicial records to which a public right of access applies, the Court begins by "determin[ing] the source of the right of access with respect to each document," as "only then can it accurately weigh the competing interests at stake." Virginia Dep't of State Police, 386 F.3d at 576 (internal quotation marks omitted). "[The common-law] presumption . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." Rushford, 846 F.2d at 253. Under the first-amendment standard, the Court may seal material "only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest." Stone, 855 F.2d at 180.

Under either standard, the Court evaluates the competing interests according to the following procedure. First, "it must give the public notice of the request to seal and a reasonable opportunity to challenge the request." Virginia Dep't of State Police, 386 F.3d at 576. Next, "it must consider less drastic alternatives to sealing." Id. Finally, "if it decides to seal[,] it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." Id. Those steps "ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." Id.

The legal framework described above applies to requests by a party to file a redacted document, i.e., a document sealed in part. See Moussaoui, 65 F. App'x at 889 ("As to those documents subject to a right of access, we must then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part."); see also Wolfe v. Green, Civ. Action No. 2:08-1023, 2010 WL 5175165, at *2-3 (S.D.W. Va. Dec. 15, 2010) (unpublished) (granting parties' joint motion to redact filings and holding that parties made necessary showing to address both common-law and first-amendment rights of access); Bethesda Softworks, LLC v. Interplay Entm't Corp., Civ. Action No. 09-2357, 2010 WL 3781660, at *9-10 (D. Md. Sept. 23, 2010) (unpublished) (treating motion to redact transcript as motion to

seal).  "The interest of the public in the flow of information is protected by [the Court's] exercis[e of] independent judgment concerning redactions."  Moussaoui, 65 F. App'x at 888 (citing United States v. Pelton, 696 F. Supp. 156, 159 n. 2 (D. Md. 1986) (noting that court would "carefully compare the redacted version [of a transcript] to the unredacted version for accuracy and to determine whether all the proposed deletions are necessary")).

## II. Analysis

The Sealing Motion seeks to redact portions of the Objections and the Henderson Deposition.  (See Docket Entry 68 at 1–2.)  More specifically, Plaintiff has redacted 31 partial lines of text from his 19-page Objections (see Docket Entry 66 at 5–23) and 26 partial lines of text from the two-page excerpt of the Henderson Deposition (see Docket Entry 67-2 at 6–7).  According to the Memorandum, such material qualifies as confidential under both North Carolina law and the North Carolina Department of Public Safety's Policy and Procedures.  (See Docket Entry 72 at 2–3 (citing N.C. Gen. Stat § 132-1.4(a), as well as excerpt from Policy and Procedures Chapter entitled "Access to Information/Inmate Records").)  The Memorandum contends that disclosure of an inmate's gang association (or lack thereof) could expose that inmate to gang attacks and further compromise the security of correctional institutions.  (See id. at 3–4.)  As the result, the Memorandum concludes that such privacy

and security interests outweigh "[t]he interests of the public in viewing court-filed documents" (id. at 3).

As an initial matter, the Memorandum fails to comply with this Court's Local Rule 5.4(b)(3), which (at the time of the Memorandum's filing on December 16, 2020)[2] required DPS Defendants to "[a]ddress the factors governing sealing of documents reflected in governing case law." The Memorandum cites only to the North Carolina statute deeming confidential "records of criminal intelligence information" (Docket Entry 72 at 2 (citing N.C. Gen. Stat. § 132-1.4(a)), to include "information obtained regarding [security risk group] classifications" (id. at 3). Regardless of whether state law generally prohibits disclosure of such material or whether DPS Defendants viewed such material as confidential during discovery (see Docket Entry 13), the proponent of a request to seal must identify the applicable public access right (i.e., common-law or first-amendment), if any, and justify the request under that standard. See Colony Ins. Co. v. Peterson, No. 1:10CV581, 2012 WL 1047089, at *2 (M.D.N.C. Mar. 28, 2012) (unpublished) ("[C]ourts in the Fourth Circuit have made it clear that the mere fact that a document was subject to a blanket protective order does not relieve the parties or a court of the

---

[2] An amendment to this Court's Local Rule 5.4 (effective January 1, 2021) altered that verbiage but nonetheless continues to require the proponent of a motion to seal to support the request "with citation to any supporting statutes, case law, or other authority."

-9-

obligation to comply with the Fourth Circuit's otherwise applicable sealing regimen."); Robinson v. Bowser, No. 1:12CV301, 2013 WL 3791770, at *7 (M.D.N.C. July 19, 2013) (unpublished) ("Plaintiff has not cited any authority that [the] concerns [embodied in state law] inevitably outweigh the need for transparency in federal judicial proceedings or that those statutes should play a role in this Court's assessment of the propriety of sealing judicial documents . . . ."); see also Sluder v. Bentancourt, No. 1:20-CV-135, 2020 U.S. Dist. LEXIS 151529, at *1-3 (W.D.N.C. Aug. 20, 2020) (unpublished) (denying blanket motion to seal documents purportedly "confidential pursuant to state and federal law"). Although non-compliance with this Court's Local Rules provides a sufficient basis to deny the Sealing Motion, see M.D.N.C. LR 5.4(d) (effective Aug. 1, 2020), the Court nonetheless exercises its discretion to consider the merits of the request.

As a matter of procedure, all parties and the public have possessed access to the Sealing Motion since December 2, 2020. (See Docket Entry 68.) No party or member of the public has filed anything in the intervening time period. (See Docket Entries dated Dec. 2, 2020, to present). Accordingly, the Court finds all procedural prerequisites satisfied, as any interested persons have received "notice of the request to seal and a reasonable opportunity to challenge [it]," Virginia Dep't of State Police, 386 F.3d at 576.

Turning to the substance of the Sealing Motion, the first-amendment standard applies because Plaintiff filed the Objections and the Henderson Deposition in response to the undersigned's Recommendation on the dispositive Summary Judgment Motions. See, e.g., Lord Corp. v. S&B Tech. Prods., Inc., No. 5:09-CV-205, 2012 U.S. Dist. LEXIS 39007, at *1–2 (E.D.N.C. Mar. 22, 2012) (unpublished) (applying first-amendment standard to motion to seal response to objections to recommendation because "documents sought to be sealed have been filed in connection with or relate to a motion that seeks dispositive relief"). To the extent the Sealing Motion asserts that inmate safety and institutional security qualify as compelling interests under the first-amendment standard, such concerns may constitute "overriding interests that outweigh the presumption of public access to judicial records," Hembree v. Branch, No. 3:17-cv-485, 2019 U.S. Dist. LEXIS 121588, at *1–2 (W.D.N.C. July 22, 2019) (unpublished) (deeming such concerns sufficient under first-amendment standard). Outside the motion-to-seal context, courts have found that "the safety of inmates in a prison setting is a 'compelling governmental interest.'" Rogers v. Jackson, No. 5:15-CT-3092, 2017 WL 4246866, at *9 (E.D.N.C. Sept. 25, 2017) (unpublished) (quoting McRae v. Johnson, 261 F. App'x 554, 558 (4th Cir. 2008)).

However, even when a compelling interest exists, non-disclosure constitutes the proper course only when the proposed

seal or redactions satisfy the First Amendment's narrow-tailoring requirement.  See Stone, 855 F.2d at 180.  In that regard, the Sealing Motion suffers from two defects.  First, many of the proposed redactions in the Objections bear little connection to the Memorandum's asserted interest in shielding inmate security classification from public view.  For example, the Objections conceal the substance of Plaintiff's grievances and prison staff's response to those grievances.  (See, e.g., Docket Entry 69 at 19.)  Such material does not disclose the gang affiliations of any inmate.  Second, because Plaintiff filed the Sealing Motion before Judge Biggs adopted the Recommendation (and thereby authorized the disclosure of previously sealed information), the Objections redact material that now appears in the public record (in the unsealed Recommendation).  (Compare, e.g., Docket Entry 69 at 11 (redacting substance of Defendant Poole's response to letter from Plaintiff), with Docket Entry 63 at 12 (disclosing Defendant Poole's response).)  In light of DPS Defendants' lack of objection to the Recommendation and failure to renew their motion to seal, public disclosure via the Recommendation moots the Sealing Motion in part.

In all, the compelling interest in inmate safety justifies the redaction of the Henderson Deposition (which relates almost entirely to security risk group classification) and only the following portions of the Objections:

- The five lines on page 10; and

- The four lines in the first full paragraph on page 16.

Such resolution constitutes a less drastic alternative to the Sealing Motion's overly broad proposal and strikes the appropriate balance between the public's right of access and the interest in inmate safety.

CONCLUSION

Under the circumstances, the interest in protecting inmates outweighs the first-amendment right of access to limited excerpts in the Objections and the Henderson Deposition. The risks associated with the disclosure of security risk group classification warrant some degree of protection from public view. However, such interest cannot justify all the proposed redactions in the Objections as presented.

**IT IS THEREFORE ORDERED** that the Sealing Motion (Docket Entry 68) is **GRANTED IN PART,** such that only information relating to inmate gang associations shall remain sealed.

**IT IS FURTHER ORDERED** that Plaintiff shall re-file the Objections in a form consistent with this Order's conclusions.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 9, 2021